JEFFREY v. BROKAW *et al.*

1. Tax sale and deed: CONCLUSIVENESS OF DEED. Mere defects and irregularities occurring in tax sale proceedings cannot be urged against their validity after the execution of the deed. The deed in this respect is conclusive of the regularity of the proceedings.

2. —— STATUTE OF LIMITATIONS. The validity of a title acquired under tax sale cannot be questioned after the lapse of five years from the date of the execution and recording of the deed.

*Appeal from Washington District Court.*

MONDAY, DECEMBER 18.

SUIT in equity brought August 30, 1869, to quiet title in plaintiff to the east half of lot seven, block twelve, in the town of Washington. A demurrer to the petition was sustained. The material facts of the petition and demurrer are set out in the opinion. The plaintiff appeals.

*H. & W. Schofield* for the appellant.

*McJunkin & Henderson, Patterson & Rheinhart*, and *G. G. Bennett*, for the appellee.

COLE, J. — The plaintiff avers, in his petition, that he is the owner in fee simple of the east half of lot seven, in block twelve, in the town of Washington, and he sets out the conveyances showing a chain of title from the government down to himself. He then avers that the defendants claim the title and are in possession; that their claim is based on three tax sales and deeds — the first deed being dated June 21, 1856, for the taxes of 1855; the second, July 21, 1857, for the tax of 1856; and the third tax deed was made upon a sale on the 5th of November, 1860, for the taxes of 1857 and 1858, etc., the deed being

dated December 19, 1863, and recorded four days thereafter; that these defendants acquired their right to the title conveyed by the first two named tax deeds by conveyance from the grantee in such tax deeds, made to them in the spring of 1860; that at the date of such conveyance they took actual possession of the lot in controversy, and had continued in such possession down to date; that the rental value of the half lot while so occupied by defendants, and prior to the tax sale in November, 1860, was more than enough to redeem the premises from the previous tax sales, and to have paid the subsequent taxes thereon; that it was the duty of the defendants to have paid such taxes, and to have redeemed with the said rents, but they neglected that duty and allowed the lot to be sold again at tax sale, while they were thus in actual possession thereof. The plaintiff then avers that the last tax deed is void, and specifies a great number of defects and irregularities in the proceedings pertaining to such sale and deed whereon such averment is based. It is unnecessary to set out in detail, in this opinion, the numerous defects and irregularities averred, since they are mere irregularities, and according to the repeated rulings of this court, cannot be made available, under our statute, after the deed is executed.

The defendants demurred to the petition because it appeared therefrom that the tax deed under which the defendants held their title, and which the plaintiff was seeking to set aside, was executed and recorded more than five years before the commencement of this action. The court sustained the demurrer. This ruling was in exact accord with the Revision, section 790, and with the decisions of this court in *Eldridge* v. *Kuehl*, 27 Iowa, 160; *Thomas* v. *Stickle*, 32 id. 71, and is, therefore,

Affirmed.