## LEWIS v. BLACKBURN.

[69 Pac. 1024.]

REQUIREMENT OF NAMES OF OWNERS IN TAX ROLL.

1. Under a scheme of assessment and taxation requiring the assessor to make diligent inquiry for the names of persons liable to taxation, to make a roll containing the names of such persons, and providing that unoccupied land, if the owner be unknown, may be assessed to unknown owners (Hill's Ann. Laws, §§ 2735, 2768, 2770 and 2776), an assessment of a parcel of land to "unknown owners, and to all owners and claimants, known and unknown," is void, for the provisions of the statute are for the benefit of the taxpayer and must be strictly followed.

LIMITATIONS—RECOVERY OF LAND SOLD FOR A VOID TAX.

2. Hill's Ann. Laws, § 2840, requiring a suit to recover land sold for taxes to be commenced within three years from the recording of the tax deed, does not apply to a tax deed showing on its face that the sale was under a void assessment.

From Multnomah: MELVIN C. GEORGE, Judge.

Action by Leander Lewis against J. E. Blackburn. Judgment for plaintiff, and defendant appeals.    AFFIRMED.

For appellant there was a brief over the names of *John T. McKee, George C. Stout,* and *Joel N. Pearcy,* with an oral argument by *Mr. McKee.*

For respondent there was a brief over the names of *Lawrence A. McNary* and *William M. Gregory,* with an oral argument by *Mr. Gregory.*

MR. JUSTICE BEAN delivered the opinion of the court.

This action was commenced May 3, 1901, to recover possession of certain lots in the City of Portland. After the plaintiff had closed the case on his part, the defendant offered in evidence a tax deed from the sheriff of Multnomah County to himself, bearing date November 9, 1897, and recorded on the same day, which was objected to and ruled out by the circuit court. The correctness of this ruling was the principal question discussed on the argument, and is the only matter that we have to consider.

Three objections are made to the validity of the tax deed, all of which appear on its face: (1) That it was executed in pursuance of a certificate of sale in favor of one H. N. Scott, and there is no proof, other than the recital in the deed of the assignment of such certificate to the defendant; (2) that the property was assessed to ''unknown owner, and to all owners and claimants, known and unknown''; and (3) that the amount for which the land was sold included taxes, costs, charges, and ''interest accruing thereon.'' As we are of the opinion that the second objection is well taken, it is unnecessary to consider the others.

1. The statute requires the assessor to ascertain, by diligent inquiry, ''the names of all persons liable to taxation in his county'' (Hill's Ann. Laws, § 2768), and to make out an assessment roll containing, among other things, the name of the taxpayer, and a description of each tract or parcel of land belonging to him (Hill's Ann. Laws, §§ 2770, 2776); but ''un-

occupied land, if the owner is unknown, may be assessed, as such, without inserting the name of any owner'' (Hill's Ann. Laws, § 2735), and ''shall be described, and the value thereof set down, in the assessment roll, in a part thereof separate from the other assessments'' (Hill's Ann. Laws, § 2775). It thus appears that, under the law as it stood at the time the assessment in question was made, it was only where land was unoccupied, and the owner unknown, that it could legally be assessed otherwise than in the name of the owner. The assessor was required to ascertain the name of the owner of land about to be assessed by him, and could not list it to ''unknown owner'' if the true owner was known, or could be ascertained by ''diligent inquiry.'' Now, in the assessment in the case at bar, the name of the owner was not given, nor was the land listed to ''unknown owner'' alone, but also to ''owners and claimants, known and unknown''; and this rendered the assessment and deed void under decisions construing substantially similar statutory provisions: *Brady* v. *Dowden,* 59 Cal. 51; *Grotefend* v. *Ultz,* 53 Cal. 666; *Grimm* v. *O'Connell,* 54 Cal. 522; *Hearst* v. *Egglestone,* 55 Cal. 365; *Greenwood* v. *Adams,* 80 Cal. 74 (21 Pac. 1134); *Russ Sons & Co.* v. *Crichton,* 117 Cal. 695 (49 Pac. 1043). If the name of the owner was known to the assessor, as the assessment itself would seem to indicate, the land should have been assessed to him. If, on the other hand, it was unoccupied, and the owner unknown, it should have been so assessed. But an assessment cannot legally be made in the alternative, either to owners known or unknown. It must be made definitely to one or the other; and, unless so made, it is void. The requirement of the statute that the assessment should be made in the name of the owner, if it can be ascertained, is for the protection of the taxpayer, and to prevent a sacrifice of his property. Its strict observance, therefore, is imperative and essential to jurisdiction. If, in such case, the assessment be made in the name of a person who is not the owner, or to persons unknown, it is void, and a subsequent sale of the property for nonpayment of the taxes levied thereunder is invalid, and passes no title

to the purchaser: *Dowell* v. *City of Portland,* 13 Or. 248 (10 Pac. 308); Black, Tax Titles (2 ed.), §§ 105, 111, 208; 25 Am. & Eng. Enc. Law (1 ed.), 212.

2. It was suggested that this action is barred by section 2840 of the Code, which provides that any suit or proceeding for the recovery of land sold for taxes, except in cases when the taxes have been paid or the land redeemed, shall be commenced within three years from the time of recording the tax deed, and not thereafter. But this statute has no application where the tax deed shows on its face that the sale was made under a void assessment (25 Am. & Eng. Enc. Law, 1 ed., 740; Black, Tax Titles, 2 ed., § 497, and authorities there cited,) for, as said by Mr. Chief Justice ELBERT, in *Gomer* v. *Chaffee,* 6 Colo. 314, construing a similar statute: "It is difficult to see how the statute of limitations can avail a defendant holding a void deed. There was nothing for the statute to operate upon, nothing for it to run in favor of or against, nothing to set it in motion. The deed was void; it did not give him constructive possession, nor the right of actual possession."

The judgment of the court below is therefore affirmed.

AFFIRMED.

Decided 28 April, 1902.