Argued 6 July, decided 1 August, rehearing denied 30 October, 1904.

## BLACKBURN *v.* LEWIS.

[77 Pac. 746.]

TAX DEED — EFFECT OF STATUTE IN FORCE AT TIME OF SALE.

1. A tax deed is to be construed with reference to the statute in force when the tax sale was made, unless a subsequent statute has been made retrospective.

ASSESSMENT OF UNOCCUPIED LAND — STATUTES.

2. Hill's Ann. Laws, § 2735, provided that unoccupied land, if the owner was unknown, should be assessed as such, without inserting the name of the owner; and section 2775 declared that unoccupied land liable to taxation, when the owner was unknown, should be described, and the value thereof set down separate from other assessments, and the value thereof designated. *Held*, that the words "as such," in section 2735, referred to unoccupied land, and not to unknown owner, and, that said sections, construed together, required that unoccupied land, if the owner was known, should be assessed in the usual way to the owner and under his name; but unoccupied land, if the owner was unknown, could not be assessed at all. An assessment of land to "unknown owner," without a further designation as unoccupied was void.

ESTOPPEL TO DENY VALIDITY OF TAX.

3. A grantee of land under a deed subject "to all unpaid taxes and sales for the same," is not thereby estopped to deny the validity of a previous tax sale, where the assessment on which the sale was based was wholly void.

ALLEGATIONS AND PROOFS — ISSUES IN PLEADINGS.

4. Cases must be tried and decided on the issues made by the pleadings. Courts cannot undertake to pass on matters not thus involved ; for instance, in a suit to remove a cloud on title, plaintiff not having claimed in the pleadings for improvements placed on the land, he is not entitled to recover for such improvements on his title being declared void.

From Multnomah : MELVIN C. GEORGE, Judge.

Suit by J. E. Blackburn against Leander Lewis to quiet title. In an ejectment action by Lewis for the same land, he prevailed : *Lewis* v. *Blackburn*, 42 Or. 114 (69 Pac. 1024). Thereafter Blackburn began this proceeding in equity. Decree for defendant. AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Joel N. Pearcy* and *Mr. John T. McKee.*

For respondent there was a brief over the names of *Lawrence A. McNary* and *William M. Gregory,* with an oral argument by *Mr. Gregory.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a suit by plaintiff, claiming under a tax deed, to remove a cloud from title. The defendant claims under deed by regular conveyances from Ladru Royal and J. D. Hart, who, it is conceded, are the common source of title as between the parties. The defendant's title is regular, if the tax deed has not divested him of it, and the whole question turns upon the validity of such deed. It is based upon a sale for delinquent taxes for the year 1892, and an amendatory deed executed by W. A. Storey, as sheriff and tax collector of Multnomah County, Oregon, October 2, 1902. The former deed, which was executed November 9, 1897, by William Frazier, former sheriff and tax collector, having been declared inoperative and void by this court in the case of *Lewis* v. *Blackburn,* 42 Or. 114 (69 Pac. 1024), there is a question here touching the authority of the sheriff to execute an amendatory deed of the kind, under our statute; but we may pass that over, as the second is also void for another reason.

1. But before reaching that question, it is well to premise that the validity of a tax deed is to be tested by the statute in force when the sale was made, unless there is some expression denoting an intendment that the later act should operate retrospectively: Black, Tax Titles (2 ed.), § 410; 2 Blackwell, Tax Titles (5 ed.), § 795; *Strode* v. *Washer,* 17 Or. 50, 56 (16 Pac. 926); *Woodman* v. *Clapp,* 21 Wis. 350, 360; *McCann* v. *Merriam,* 11 Neb. 241 (9 N. W. 96); *Baldwin* v. *Merriam,* 16. Neb. 199 (20 N. W. 250); *Capital State Bank* v. *Lewis,* 64 Miss. 727 (2 South.

243); *Conway* v. *Cable*, 37 Ill. 82 (87 Am. Dec. 240). We do this to show that the effect of the deed in question, as to its conclusiveness as evidence, should be measured by the provisions of Section 2823, Hill's Ann. Laws, as it stood at the time of the assessment and levy of the tax and the sale for its delinquency, and not in its amended form (B. & C. Comp. § 3127); there not appearing to be any sufficient legislative declaration attending the amendment indicating an intendment that the deed thereby provided for should apply to any former sales.

2. Now, as to the sufficiency of the tax deed to pass the title. Section 2735, Hill's Ann. Laws, provided that unoccupied land, if the owner was unknown, should be assessed as such, without inserting the name of the owner; and Section 2775, Hill's Ann. Laws, 1892, that unoccupied land liable to taxation, when the owner was unknown, should be described, and the value thereof set down in the assessment roll, in a part thereof separate from other assessments, in the same manner that lands of residents are required to be described, and the value thereof designated. These sections, when construed together, as they should be, simply mean that unoccupied land, if the owner be unknown, should be assessed as such — that is, as unoccupied land — and should be described and valued in a separate part of the assessment roll from other assessments. The words "as such" have relation to unoccupied land, not to unknown owner, and an assessment of land of that kind, where the owner was unknown, by a substantially different form, was unknown to the statute, and therefore unauthorized and void. If unoccupied land was found, and the owner known, it simply took the regular course, and was assessed in the name of the owner, so that no land of that description would escape assessment by construction. But it is argued that occupied land, where the owner is unknown, would escape assessment,

unless assessable under the designation of "unknown owner." To this there is but one answer. The statute seems not to have made provision for the manner of assessment of that particular kind of land, and it must be regarded as an oversight of the legislature, or else it assumed that all such land would have a known owner. But however that may be, the loss in revenue could not be of any considerable proportion if it did escape, for land of that description must necessarily be very limited in amount. The statute provided only for the assessment of unoccupied, not occupied, land, when the owner was unknown; and it was to be assessed as "unoccupied land," or, rather, in such a case the assessment was to be *in rem* — that is, against the thing, as contradistinguished from the general plan or scheme, which was *in personam*, or against the person: *Middleton* v. *Moore*, 43 Or. 357 (73 Pac. 16). The distinction is radical and fundamental, and an assessment by one method where the law prescribes the other is admittedly such a departure from the mandate of the law as to render it utterly void. The premises in question were assessed to "unknown owner," the designation appearing in the column headed "Names of Taxpayers," and there was nothing to indicate that it was unoccupied land. Such an assessment is manifestly not *in personam*, for it is against no one, and it cannot stand upon that hypothesis. But to be assessable *in rem* — that is, against the thing, the land — it must have been unoccupied land, and nothing appears to indicate that it was of such a description. So that there was no assessment upon either basis. The proper method would have been to have assessed it as "unoccupied land," or under that designation "owner unknown." But it was not pursued, and the attempted assessment cannot be considered otherwise than ineffectual and nugatory.

3. Another proposition insisted upon by plaintiff is that, as the defendant holds under a deed purporting to convey the premises in question subject "to all unpaid taxes and sales for the same," he is estopped to deny the validity both of the tax, and the sale of the lot had in pursuance thereof, and consequently of the tax deed under which plaintiff claims title. The principle is ordinarily invoked where a deed is made subject to incumbrance, and it becomes apparent that the incumbrance constituted part of the consideration for the premises conveyed. In such a case the grantee, having thus recognized the existence of the incumbrance, and having secured a corresponding reduction of the purchase price on account of it, is estopped to deny its validity. But the principle could hardly apply where there was never any incumbrance, either colorable or otherwise, as in the case at bar, where there is absolutely no assessment; the property having been listed, as we have seen, to "unknown owner," or no one, whereas it should have been assessed *in rem*, as unoccupied land. There being no assessment, there could not be any tax, and any sale for a supposed tax that had not even a colorable existence would, of course, be entirely nugatory (*Jory* v. *Palace Dry Goods Co.* 30 Or. 196, 46 Pac. 786), so that a conveyance subject to all taxes and sales for same could not logically operate to preclude the grantee from denying the validity of a deed which had no foundation whatever — either in law, equity, or good morals — for its support. The position insisted upon is therefore untenable.

4. Some claim is also made for improvements placed upon the premises by plaintiff. The pleadings, however, present no such issue, and the subject-matter is not before us for consideration.

These considerations lead to an affirmance of the decree of the circuit court, and such will be the order of this court.　　　　　　　　　　　　　　Affirmed.