Argued February 16, decided March 16, 1909.

### MARTIN *v.* WHITE.

[100 Pac. 290.]

· TAXATION—ASSESSMENT IN NAME OF OWNER—NECESSITY.

1. To make either the owner or his property liable, it should be assessed in his name, if known or ascertainable, as required by Section 2752, Hill's Ann. Laws, as amended in 1893 (Laws 1893, p. 6) and Sections 2768, 2770, and 2776, and an assessment in such case in the name of another is void.

TAXATION—ASSESSMENT—DESCRIPTION OF LAND.

2. Since there are in the State four townships numbered 4 in range 4, a description of land in an assessment for taxes giving such township and range, but not locating it in any particular county, is insufficient to identify it.

TAXATION—PRESUMPTION AS TO ASSESSMENT.

3. An assessor has no jurisdiction to assess property unless it is in his county, and his description thereof should show his jurisdiction, and it cannot be presumed that it is so situated because it is on his assessment roll.

TAXATION—DEFECTIVE ASSESSMENT—APPLICATION OF CURATIVE ACT.

4. By Section 3135, B. & C. Comp., delinquent tax sales in which the county has become the purchaser are declared to be valid, and to pass good title to the lands assessed, notwithstanding (1) indefiniteness or imperfection in the description on the assessment roll, provided the person assessed was at the time the owner of record of a parcel of property to which the description applied and of only one such parcel; or (2) the omission in the assessment roll of the name of the owner, or the entry of a name other than that of the true owner, or a mistake in the name of the owner, provided the property be correctly described. *Held* not to apply to the case of an assessment which incorrectly describes the land to one not the owner, and who does not appear to have been the owner of record of a parcel to which the description applied.

TAXATION — ACTION TO TRY TAX TITLE — SALES NOT INCLUDED IN DEFENDANT'S DEED—APPLICATION OF STATUTE OF LIMITATIONS.

5. As against sales not included in the deed to defendants in action to quiet title against tax sales, the statute of limitations does not run against the right of plaintiff.

LIMITATION OF ACTIONS — QUIETING TITLE — STATUTES RELATING TO RECOVERY OF PROPERTY—APPLICATION.

6. The limitations prescribed in Sections 3128, 3146, B. & C. Comp., do not apply to suits to remove a cloud from plaintiff's title, for the reason that by their terms they only apply to actions to recover property.

TAXATION—SALES FOR UNPAID TAXES—SUITS TO TRY TITLE—LIMITA-
TIONS.

7. The last clause of Section 3135, B. & C. Comp., limiting suits to quiet title
to two years from the record of a tax deed, applies to such a suit generally,
but does not reach jurisdictional defects in the tax proceedings.

TAXATION—SALES FOR UNPAID TAXES—VOID PROCEEDINGS—SUITS TO TRY
TITLE—LIMITATIONS.

8. The recitals of a tax deed may be made conclusive as to irregularities,
but, if the proceedings are void, a bar to a suit by an owner must be some-
thing more than the lapse of time, and he must be ousted from possession, or
the purchaser's title quieted, to cut off his right.

TAXATION—SALES FOR UNPAID TAXES—VOID PROCEEDINGS—SUITS TO
TRY TITLE—LIMITATIONS.

9. A sale for taxes to the county being void, the deed alone cannot start
the statute of limitations running against the owner.

TAXATION—SALES FOR TAXES UNPAID—SUITS TO TRY TITLE—LIMITA-
TIONS.

10. The limitations as to suits to avoid a tax sale is not a curative statute,
but the title thus acquired is in the nature of a prescriptive title, in which
the deed must on its face constitute color of title under which possession is
held.

TAXATION—SALES FOR UNPAID TAXES—VOID PROCEEDINGS—SUIT TO TRY
TITLE—LIMITATIONS.

11. Where a tax proceeding is void and the purchaser is not in possession,
the legislature cannot transfer to him the title of the owner by lapse of time
alone, but there must be actual possession by the purchaser before the statute
begins to run.

TAXATION—SALES FOR UNPAID TAXES—SUITS TO TRY TITLE—LIMITA-
TIONS.

12. Where the tax sale purchaser is in possession, his deed may be made
the basis of a limitation against an action to try the title.

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—LIMITATION OF ACTIONS.

13. Where one has a mere right of action, the legislature may prescribe a
reasonable time in which to proceed; but, where one has both title and
possession the legislature exceeds its power if it attempts to create the
necessity for a suit by converting the estate in possession into a mere right of
action, and then limiting the time in which action may be brought.

CONSTITUTIONAL LAW—DUE PROCESS OF LAW—LIMITATIONS.

14. Where a tax purchaser is not in possession, the legislature cannot
impose on the owner the duty to sue to quiet his title.

From Columbia: THOMAS A. MCBRIDE, Judge.

Statement by MR. JUSTICE EAKIN.

This is a suit to remove a cloud from plaintiff's title
to the west ½ of the northeast ¼ and the east ½ of
the northwest ¼ of section 27, township 4 north, range
4 west, of Willamette Meridian, in Columbia County,
Oregon. The suit was commenced October 19, 1905,

and plaintiff alleges that he is now, and for more than 10 years last passed has been, the owner of said real property, and entitled to the possession thereof; that it is not now, and has never been, in the actual possession of any person; and that defendants claim to have some interest therein. He then sets out the facts constituting such cloud, namely, a pretended tax title, obtained by defendants by means of delinquent tax sales made for taxes for the years 1892, 1893, 1895, and 1897. The sale of the land for the tax for the year 1905 is void, for the reason that the property assessed is the west $\frac{1}{2}$ of the northwest $\frac{1}{4}$ and the east $\frac{1}{2}$ of the northeast $\frac{1}{4}$ of said section 27, and not the property in controversy here, and therefore it requires no further consideration. For the year 1892 the property was assessed to Henry Johns and the property described as the "W$^2$ NE$^4$ & E$^2$ NW$^4$, Section 27, Township 4, Range 4," and was sold on October 25, 1898, for the tax thereon, at which sale Columbia County became the purchaser, as authorized by the legislative act of 1893 (Laws 1893, p. 28), by which a county judge is authorized to bid for, and in behalf of the county, the amount of the tax at such sale. The assessment for the year 1893 is identical with that for 1892, and the property was sold on July 26, 1894, for the tax for the year 1893, at which sale Columbia County became the purchaser. At the time of the assessment for the year 1897, plaintiff was the owner of the property, but it was assessed to Henry Johns; and it was described as "W$^2$ NE$^4$ & E$^2$ NW$^4$, Section 27, Township 4, Range 4," and did not state that the property was situated in. Columbia County, Oregon. On October 25, 1898, the sheriff, by virtue of a delinquent tax warrant, directing the sale of said land for the tax of the year 1897, sold the same, at which sale Columbia County became the purchaser; and thereafter, on July 8, 1901, pursuant to the provisions of Section 3133, B. & C. Comp., being a legislative act of

53 OR.—— 11

the year 1901, which required the sheriff to proceed to sell all lands to which the county shall have acquired title by means of tax sales, the sheriff advertised for sale, and sold said land to the defendants, and on August 22, 1901, executed to them a deed therefor, as provided by Section 3134, B. & C. Comp., which deed only relates to the sale for the tax of 1897, and was recorded August 24, 1901.

A demurrer to the complaint was overruled by the court, and a decree rendered for the plaintiff upon the complaint, from which defendants appeal.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Dillard & Day,* with an oral argument by *Mr. Joseph W. Day.*

For respondent there was a brief over the names of *Mr. S. H. Gruber* and *Mr. W. A. Cleland,* with an oral argument by *Mr. Gruber.*

MR. JUSTICE EAKIN delivered the opinion of the court.

1. The assessment of the property for the year 1897 was made under Section 2752, Hill's Ann. Laws 1892, as amended in 1893 (Laws 1893, p. 6), which provide that the assessment roll shall contain:

"A full and complete assessment of such taxable property entered thereon, including a full and precise description of the lands or lots owned by each person therein named, on March first of each year, at the hour of 1 o'clock A. M. * * All land shall be assessed and taxed in the county in which the same shall lie, and every person shall be assessed in the county where he resides on the first day of March of the year, when the assessment shall be made for all real and personal property then owned by him within such county; and unoccupied land, if the owner is unknown, may be assessed as such, without inserting the name of any owner."

Sections 2768, 2770, 2776, Hill's Ann. Laws 1892, also directly require or contemplate that the assessment shall

be made in the name of the owner of the property, if the owner is known, or can with reasonable diligence be ascertained, and, if not known, then it must be assessed to unknown owner. In *Lewis* v. *Blackburn,* 42 Or. 114 (69 Pac. 1024), this question was under consideration, in which Mr. Justice BEAN says: "The requirement of the statute that the assessment should be made in the name of the owner, if it can be ascertained, is for the protection of the taxpayer, and to prevent a sacrifice of his property. Its strict observance, therefore, is imperative and essential to jurisdiction. If in such case the assessment be made in the name of a person who is not the owner or to persons unknown, it is void, and a subsequent sale of the property for non-payment of the taxes levied thereunder is invalid, and passes no title to the purchaser." Thus it will be seen that the assessment of the property for the year 1897 in the name of Henry Johns, while plaintiff was the owner thereof, was insufficient to make either plaintiff or his property liable therefor, and was void.

2. Again, the description of the property was insufficient to identify it. It fails to give the township and range in which the land is situated. This might have been rendered definite if disclosed by the assessment to be situated in Columbia County; there being but one township 4, range 4, in that county, but that is not stated. There are in Oregon four townships numbered 4 in range 4, and the description is insufficient to identify the property involved here, and this defect applies equally to the assessment for the years 1892 and 1893.

3. The defendants suggest that the fact that the property is upon the assessment roll for Columbia County is sufficient to justify the presumption that the property is in that county, and therefore must be in township 4 north, range 4 west, Willamette Meridian, but this presumption cannot be indulged. The assessor has no jurisdiction to assess property unless it is in his county,

and his description of the property should show his jurisdiction, and we cannot presume because it is on his assessment roll that it is situated in Columbia County.

4. Neither are these defects cured by Section 3135, B. & C. Comp. The first part of that section was intended as a curative provision in case of a delinquent tax sale in which the county has become the purchaser. By it such sales are declared valid and shall pass good title to the lands assessed:

"Notwithstanding (1) any indefiniteness or imperfection in the description of such lands on the assessment roll: Provided, that the person assessed shall, at the time of the assessment, have been the owner of record of a parcel of property to which such description shall have been applicable, and of only one such parcel; or (2) the omission in the assessment roll of the name of the owner, or the entry of a name other than that of the true owner, or a mistake in the name of the owner: Provided, the property be correctly described."

The first of these provisions seeks to cure defects in the description of the property, and the second to cure assessments made in the name of the wrong party, but the assessment in question is not within either of these provisions. As to the first proviso, although so far as the complaint discloses, Johns may have been the owner of record of the property in question here at the time of the assessment, yet it does not appear that he was the owner of record of a parcel of property to which the description in the assessment roll is applicable, for the property assessed does not disclose in what township or range it was situated, and therefore does not identify it as the property involved here. As to the second proviso, the name of the owner was omitted, and it was assessed in the name of one other than the true owner, but the property is not correctly described, and therefore these defects in the assessment are not cured by the statute. *Lewis* v. *Blackburn,* 42 Or. 114 (69 Pac. 1024).

5. And, as the sales for the years 1892 and 1893 are not included in the deed to the defendants, the statute of limitation has no application to the right of plaintiff as against those sales.

6. The defendants also urge the bar of the statutes of limitation provided by Sections 3128, 3135, 3146, B. & C. Comp., applicable to tax sales. As decided in *Mount* v. *McAulay,* 47 Or. 444 (83 Pac. 529), the limitations prescribed in sections 3128 and 3146 have no application to suits to remove a cloud from the title of plaintiff, for the reason that by their terms they only apply to actions to recover the property.

7. The last clause of section 3135 applies to such a suit generally, but does not remedy jurisdictional defects.

8. The effect of the recitals in the deed may be made conclusive as to irregularities; but, if the proceedings are void, a bar to an action or a suit by the owner must be something more than the lapse of time. The owner must be ousted from possession, or the purchaser's title quieted, to cut off the right of the owner.

9. The delinquent tax sale for the tax of 1897 is the only one included in this deed and to which the bar of the statute can apply. It was made to the county on October 25, 1898, which by reason of the defects above mentioned, was ineffectual to give the county title. More than two years after that the legislature made provision for the sale of property to which the county had obtained title, and provided that no action, suit, or proceeding to set aside any sale or to quiet title or remove the cloud thereof, or recover the land sold, shall be brought unless within two years from the date of the record of the deed by the sheriff; but, the sale to the county being void, the deed alone cannot start the statute of limitations running. *Dingey* v. *Paxton,* 60 Miss. 1038; *Jeffrey* v. *Brokaw,* 35 Iowa, 505; *Baker* v. *Kelley,* 11 Minn. 480 (Gil. 358); *Groesbeck* v. *Seeley,* 13 Mich. 329.

10. In 27 Am. & Eng. Enc. Law (2 ed.) 987, referring to the limitation of suits or actions brought to avoid a tax sale, it is said:

"As a rule, these statutes reach only those defects which do not go to the absence of authority to sell or convey. They do not operate to cure jurisdictional defects or to validate titles which are void for want of power to sell the property."

Many cases in which this question is considered hold that a tax deed, valid on its face, is a complete bar in an action to recover the property after the expiration of the period of limitation, however defective the tax proceeding may have been, but that such limitation will not apply in favor of one in possession under a deed void on its face. These decisions relate to cases in which the tax sale purchaser is in possession of the property by virtue of the tax deed. Such a limitation is not a curative statute, but the title thus acquired is in the nature of a prescriptive title, in which the deed must be sufficient on its face to constitute color of title under which possession is held. 27 Am. & Eng. Enc. Law (2 ed.) 987; Blackwell, Tax Title, §§ 897, 943; *Gomer* v. *Chaffee,* 6 Colo. 314; *Moore* v. *Brown,* 11 How. 413 (13 L. Ed. 751).

11. But, when the tax proceeding is void and the tax sale purchaser is not in possession, it is beyond the power of the legislature to transfer to the purchaser the title of the owner by lapse of time alone. Blackwell, Tax Title, § 944; *Breaux* v. *Negrotto, Jr.,* 43 La. Ann. 426 (9 South. 502). There must be actual possession by the purchaser before the statute begins to run. *Scott* v. *Parry,* 108 La. 11 (32 South. 188). A limitation of time in which the owner can bring an action or suit to contest such a title cannot operate to cut off the owner's title, where the tax proceeding is void, except by way of prescription which depends upon actual possession under the tax deed. A deed upon a void sale cannot draw to it

the constructive possession of unoccupied land. Blackwell, Tax Title, §§ 895, 944.

12. It is held in Louisiana, under a statute of limitation similar to our own, that on all forced alienations it must appear *prima facie* by recitals in the deed or *aliunde* that the sale was made in accordance with the law. The description in the assessment must be sufficient to identify the property, or there is no assessment. A valid assessment is as essential to a tax sale as a judgment is to a sale under execution, and that the limitations cannot cure radical defects in the proceedings. *Person* v. *O'Neal,* 32 La. Ann. 228. Such a deed, where the tax sale purchaser is in possession, may be made the basis of a limitation against such an action.

13. When one has a mere right of action, the legislature may unquestionably prescribe a reasonable time in which he may proceed. But in case he has both title and possession, and the legislature attempts to create the necessity for suit by converting an estate in possession into a mere right of action, and then limit the time in which the action may be brought, it is exceeding its power. Blackwell, Tax Title, §§ 895, 944. This is well stated by Mr. Justice CAMPBELL in *Groesbeck* v. *Seeley,* 13 Mich. 329, in reference to a similar statute of limitations, namely: "This statute does not purport to be a limitation law. It is designed by its express terms to deprive persons of their titles, whether in possession or not, by mere lapse of time. If the proceedings to sell for taxes were illegal, no lapse of time can change their character, and they can never therefore become legal. If the tax purchaser obtains possession, and holds it until protected by a limitation law, he then becomes safe not because his tax title is any more regular, but because the holder of the better title has become incapable of asserting it. As an illegal tax title is a nullity, it cannot of itself divest or affect the true title in any way, and the true owner cannot be lawfully compelled

to incur expense or take active measures to get rid of it unless he sees fit. But if he becomes ousted, whether by a pretended tax title holder or by any adverse claimant, he can only secure the enjoyment of his rights by active measures, and the party in possession may then rely on such possession until it is lawfully assailed by suit or otherwise within the period of limitation." To the same effect is Blackwell, Tax Title, § 945, and *Dingey* v. *Paxton,* 60 Miss. 1038. It is said by Mr. Justice BEAN, in *Ferguson* v. *Kaboth,* 43 Or. 414, 421 (73 Pac. 200, 201) : "The legislature may cure retrospectively irregularities and imperfections in tax proceedings, but it cannot infuse life into an utterly void proceeding, or take the property of one person and transfer it to another. * * Under the law as it stood at the time of the tax sale, the purchaser acquired no title to the property in controversy, because it did not belong to the person in whose name it was listed for assessment at the time the tax was levied, or the sale made, and no subsequent act of the legislature could enlarge the purchaser's rights or vest in him the title then held by another. To the same effect is Blackwell, Tax Title, § 897.

14. Where the tax purchaser is not in possession, the legislature cannot impose upon the owner the duty to bring suit to quiet his title against such tax title. As said by Mr. Blackwell, § 945, that would be to turn the title of the true owner into a mere right of action. It would by mere lapse of time transfer the title to one who has neither possession, nor any other real right or title; the tax proceeding, by means of which the tax purchaser acquired his deed, being void. *Dingey* v. *Paxton,* 60 Miss. 1038; *Jeffrey* v. *Brakaw,* 35 Iowa, 505; *Baker* v. *Kelley,* 11 Minn. 480 (Gil. 358) ; *Groesbeck* v. *Seeley,* 13 Mich. 329.

The decree of the lower court is affirmed.

AFFIRMED.