CRANE and another vs. THE CITY OF JANESVILLE and
another.

| 20 | 305 |
| 82 | 531 |

*Assessment of land to right owner—Effect of assessing two lots in gross to a person
owning but one of them.*

1. The assessors of the city of Janesville, like assessors of towns in this state, are
required by law, in assessing land, to set opposite the description of each tract
of land the name of the owners if known, otherwise the word "unknown."
2. Lots 76 and 78 of a certain addition to said city, having been assessed *toge'her*
as the property of a person who did not own and never had owned lot 78, and a
gross tax having been assessed against them, the owner of lot 78 was entitled
to an injunction restraining all proceedings to collect such tax, although a notice
was published pursuant to sec. 3, ch. 48, Laws of 1862, that the tax
lists had been completed, and a reasonable opportunity was given for parties to
appear and have their lists corrected, and the owner of said lot did not appear
and have the proper correction made in respect to it.

APPEAL from the Circuit Court for *Rock* County.

This action was brought against the *City of Janesville* and
the treasurer thereof, to restrain the sale of lot 78 in Smith,
Bailey & Stone's addition to said city, for the taxes of 1854,
'55, '56 and '57, re-assessed in 1862 under ch. 48, Laws
of 1862. The facts found by the circuit court are suffici-
ently stated in the opinion. Judgment for the plaintiffs; and
defendants appealed.

*Chas. G. Williams*, for appellants, to the point that plaintiffs
were estopped by their own neglect to have lot 78 assessed to
them after the notice required by sec. 3, ch. 48, Pr. & L. Laws
of 1862, had been given, cited *Wendell v. Van Rensselaer*, 1
Johns. Ch., 344; *Storrs v. Barker*, 6 id., 166; *Norton v. Kear-
ney*, 10 Wis., 443.

*A. A. Jackson*, for respondents, cited *State ex rel. Roe v. Wil-
liston, ante, p.* 228; *Wallingford v. Fiske*, 24 Me., 386; *Hayden v
Foster*, 13 Pick., 492; *Willey v. Scoville*, 9 Ohio, 43; *Shimmin
v. Inman*, 26 Me., 228; *Barker v. Blake*, 36 id., 433; *Whitney
v. Thomas*, 23 N. Y., 281.

COLE, J.   The court below found as facts that the re-assessed
tax on lot 78 for the year 1857 was not paid; that for that year

the lot was assessed with lot 76, and a gross sum of about $130 was set opposite the two lots in the re-assessment; that they were both assessed to A. Hyatt Smith, but he did not own lot 78 in 1857, and never owned it; and that the two lots had always been owned by different persons. We do not understand that the correctness of this finding was seriously controverted; and we think it fully warrants the judgment rendered in the cause. In the case of *The State ex rel. Roe v. Williston*, (*ante*, p. 228), this court decided that the law made it the duty of the assessors of the city of Janesville to set opposite to each tract of land in the assessment roll, the name of the owner, if known, and if not known the word " unknown," and that this express requirement of the statute could not be disregarded by such assessors. In addition to the authorities cited in that case to the proposition that an assessment of land to one not the owner was unauthorized, may be further cited the case of *Whitney v. Thomas*, 23 N. Y., 283, which lays down the doctrine that a failure to comply with such material provisions of law renders the assessment void. In this case it appears that lot 78 was assessed for 1857 to a person who did not then and who never did own it. Again, there was another gross error connected with the assessment of this lot for that year. It was assessed with lot 76, when those lots were owned by different persons, and a gross sum or tax of $130 was assessed to the two lots. We know of no principle upon which such an assessment and levy of taxes can be sustained. Such a practice of jointly taxing separate lots belonging to different individuals strikes at the very foundation and reason of all assessment laws.

It is claimed that these objections to the assessment of the tax upon lot 78 for 1857 ought now to be disregarded, because sec. 3, chap. 48, Laws of 1862, provided for the publication of a notice that the tax lists had been completed, and gave a reasonable opportunity for parties to appear and have the lists corrected; and if the owner of the lot then failed to appear and make the proper corrections in regard to the irregularity in the

assessment of the tax, he ought now to be held estopped from questioning its validity. We were not referred to any case which lays down any such doctrine; and we think such a rule would be dangerous to the rights of parties. This court has already adopted a very liberal rule for the government in actions brought to restrain proceedings for the collection of taxes, in holding that where the legal taxes and charges justly chargeable against real estate can be ascertained, and the legal sums can be separated from the illegal, equity will require the payment of the former as a condition of relief against the latter. It is impossible to make any application of that rule here, unless the court assumes the power of re-assessing and relevying taxes, which duty belongs to other officers specially designated and appointed for that purpose. We cannot, therefore, see that any principle of estoppel applies under the circumstances of this case.

*By the Court.*—The judgment of the circuit court, enjoining all proceedings for the collection of the taxes assessed against lot 78 for the year 1857, is affirmed.