## SKINNER, *Appellant*, v. WILLIAMS.

1. **Tax Deed.** The objection that the tax deed by the city collector of Kansas City did not show on its face that the land was sold at the collector's office, and that it was void on its face ; *held*, not well taken.

2. ———: STATUTE OF LIMITATIONS. The statute of limitations begins to run in favor of a tax deed, not void on its face, from the time it is recorded.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Karnes & Ess* and *R. H. Field* for appellant.

The place, and only place for a tax sale, under the

charter of Kansas City, is at the collector's office. Laws
1875, p. 232, sec. 45. The form prescribed requires that
a tax deed shall *affirmatively show*, that the property
therein conveyed *was sold at public sale at the collector's
office*. Laws 1875, p. 237, sec. 64. Does it *affirmatively
appear from the face of this deed* that the city auditor
bid off the real property therein conveyed *at the col-
lector's office?* We submit that it does not, and is, there-
fore, not good on its face, nor in conformity with
the charter requirements. *Thompson v. Merriam*, 15
Neb. 498; *Towle v. Holt*, 14 Neb. 227, and cases cited;
*Park v. Tinkham*, 9 Kan. 615; *Shelly v. Towle*, 20 N.
W. Reporter 251; *Vassar v. George*, 47 Miss. 713; *Cul-
ver v. Hayden*, 1 Vt. 363–364; *Yankee v. Thompson*, 51
Mo. 239; *Thompson v. Lawrence*, 2 Baxt. (Tenn.) 415.
The auditor had no right to bid it off for the city else-
where. Cooley on Taxation, 338; *Ruby v. Huntsman*, 32
Mo. 501; *Miller v. Corbin*, 46 Ia. 150. When a tax
deed is good and sufficient on its face to make it *prima
facie* evidence of a good title it may be shown in opposi-
tion thereto by evidence *aliunde*, that the sale was actually
void, but if a deed is not good on its face for any illegal
recital, or for lack of an essential recital, the person
claiming under the tax deed, *cannot* bolster it up or cure
the defect on its face by evidence *aliunde* of the deed.
*Maxey v. Clabaugh*, 1 Gilman (Ill.) 26; *McDermott v.
Scully*, 27 Ark. 226; *Pack v. Crawford*, 29 Ark. 483;
*Grim v. O'Connell*, 54 Cal. 522; *Cartwright v. McFad-
den*, 24 Kan. 662; *Larkin v. Wilson*, 28 Kan. 514–515;
*Lessee of Kellogg v. McLaughlin*, 8 Ohio 116; *Proprie-
tors of Cardigan v. Page*, 6 N. H. 182. And no pre-
sumption can be indulged to uphold the face of this
deed (if it is defective) that the auditor was in attendance
upon the sale at the collector's office when he made the
bid recited, or that he entered the fact and date of his
bid of record in the book of sales as required by law.
*Morton v. Reeds*, 6 Mo. 64; *Williams v. Underhill*, 58
Ill. 137; *Long v. Burnett*, 13 Ia. 29; *Hubbard v. John-*

*son*, 9 Kan. 632 ; *Yankee v. Thompson*, 51 Mo. 238–9. The statute makes only a deed that is good on its face *presumptive* evidence that the things required by law to be done to warrant its execution, had been done.    Laws 1875, sec. 64, p. 238 ; Cooley on Taxation, 332 ; *Cunning-ham v. Ry. Co.*, 61 Mo. 33.

*C. O. Tichenor* for respondent.

The only fault found with the form of the deed is, that it does not show that the lot was bid off by the city at the collector's office.    The deed does show that it was *bid off* for the city by the city auditor, at the direction of the comptroller ; that it was offered for sale at the collector's office on January 15, 1876, between the hours of ten a. m. and five p. m. ; and that inasmuch as it could not be sold for the amount of all taxes, interest, and costs, then due and unpaid upon said property, "at the place aforesaid," it was *bid off* for the City of Kan-sas for such amount ; and that thereupon the city auditor made record of the same in the book of sales, as required by law.    The construction is technical, unfair and forced, and should not be adopted by this court.    *Giekie v. Kirby Carpenter Co.*, 106 U. S. 385 ; *Mansean v. Ed-wards*, 53 Wis. 461 ; *Haynes v. Heller*, 12 Kan. 381 ; *Marshal v. Benson*, 48 Wis. 558 ; *Sams v. King*, 18 Fla. 558.    Certainly, under the provisions of the charter, the presumption must obtain that the officers did their duty. *Biscoe v. Coulter*, 18 Ark. 434 ; *Hazzard v. Hancock*, 39 Ind. 177.    There is but one place of sale.    In Nebraska there are several places, and hence the ruling of the Supreme Court.    *Halls v. Blaco*, 10 Neb. 36.    The sale to the city is not, strictly speaking, by bid (see authori-ties cited by appellant), it is what is generally termed a *forfeiture*, because of lack of a bidder.    *Hodgdon v. Wight*, 36 Me. 338 ; *Kittle v. Shervin*, 11 Neb. 65 ; *Wild v. Serpel*, 10 Gratt. 408.    The form for a deed in the charter does not contain any statement as to where the bid was made by the city, hence, if there is nothing in

the deed showing it, the most that can be claimed from the omission is that the deed is not evidence of it. *Abbot v. Lindenbower*, 46 Mo. 295; *Moss v. Shear*, 25 Cal. 38; *Bowman v. Cockrill*, 6 Kan. 311. And appellant has supplied the omission by his testimony. Inasmuch as the competitive bidding was the matter in which the delinquent was interested, and no injury could arise to him, whether the city elected to consider the land forfeited to it either in the collector's office or outside of it. *Biscoe v. Coulter, supra; Bowman v. Cockrill, supra*, 325. By section sixty-five, persons calling in question the title or right of grantee in the tax deed, shall be required to prove, in order to defeat the same that taxes, interest, and costs were paid before sale; that the land was not subject to taxation; that it had been redeemed, or that there had been a tender of the redemption money. This provision in an act of congress was sustained by the Supreme Court of the United States in *De Treville v. Smalls*, 98 U. S. 517, and in *Keely v. Saunders*, 99 U. S. 441.

HENRY, C. J.—This is an action of ejectment for the recovery of a lot or parcel of land lying in the City of Kansas. The petition is in the usual form, and in addition to a general denial the answer sets up title in defendant, under a deed from the city collector to one W. E. Sheffield, which was made and executed under a sale of the same for city taxes, which deed was recorded in the office of the recorder of deeds of Jackson county, more than three years before the commencement of this suit. Defendant claims under Sheffield, grantee in the tax deed.

Conceding that but for the tax sale and deed, plaintiff is entitled to recover the land, the question arises, is plaintiff barred by the special statute of limitations contained in section sixty-six, article six, of the charter of the City of Kansas, which is as follows: "Any suit or proceeding against the purchaser at a tax sale, his heirs or assigns, for the recovery of the real property, or

any interest therein sold for taxes, or to defeat, or avoid a sale, or conveyance of real property sold for taxes under the provisions of· this act, shall be commenced within three years from the time of the recording of the tax deed and not thereafter." Section sixty-eight, article six, of said charter, reads as follows: "Any person putting on record a tax deed, executed substantially as provided for in this act, shall be deemed to have set up such a title to the real property described in such deed as will enable the party claiming to own such real property to maintain an action for the recovery of the possession thereof against any person claiming under the tax deed, *whether such person is in actual possession of the lands or not.*"

It has been decided by this court at the present term, that a tax deed void upon its face will not set the special statute of limitations in motion, whether the grantee in the tax deed entered upon and held possession of the property for three years or not, but that a tax deed good upon its face will set the statute in motion. *Mason et al. v. Crowder, post,* p. ——.

It only remains to consider whether the tax deed in question is void upon its face or not. The form prescribed requires that a tax deed shall affirmatively show that the property conveyed was sold at public sale, at the collector's office, and appellant's counsel contend that the deed in question does not show that fact. Section sixty-four, article six, of the charter of the City of Kansas, declares that: "Tax deeds executed by the city collector, shall be substantially in the following form:" Then the form is given and it contains the statement that the collector did expose the lot or parcel of land to public sale at the office of the city collector. The deed in question, after describing the property and stating that it was subject to taxation for certain years named, and that the taxes for said years remained due and unpaid at the date of the sale thereafter mentioned, proceeds as follows: "And whereas the city collector of the said City of Kansas did, on the fifteenth day of

January, 1876, by virtue of the authority vested in him by law, at an adjourned sale, the sale having been begun and publicly held on the first Monday of November, 1875, the first day on which the said real property was advertised for sale, expose to public sale at the office of the city collector in the City of Kansas aforesaid, between the hours of ten o'clock in the forenoon and five o'clock in the afternoon, in conformity with all the requisitions of the statute in such case made and provided, the real property above described for the payment of taxes, interest, and costs then due and unpaid upon said real property; and, whereas, at the place aforesaid, said property could not be sold for the amount of all taxes, interest, and costs thereon, and, whereas, the city auditor, having been directed by the comptroller so to do bid, did off said property for the City of Kansas for such amount."

The statute does not require that the tax deed shall be a literal copy of the form, but that it shall substantially comply with it. Upon the face of the deed in question, it clearly appears that the lot in controversy was exposed to public sale at the office of the city collector. It could not have literally followed the form given, because no form is prescribed when the purchase is made by the city. It was followed as far as applicable, literally, and the prescribed form does not require the deed to show where the city auditor purchased for the city. If it be that the city auditor could purchase for the city only at the office of the city collector, does it not appear upon the face of this deed that he did bid off for the city the lot in controversy at the collector's office? The recital is: "And, whereas, at the place aforesaid, said property could not be sold, * * * and, whereas, the city auditor, having been directed by the comptroller so to do, did bid off," etc. The recital of the direction given by the comptroller so far separates the recital of the act of bidding from the words "whereas, the city auditor" as to obscure the connection between the first recital that "at the place aforesaid," etc., and the recital that the city auditor bid off said property for the city.

Transposed, the sentence meaning the same as in its present form, reads as follows : " And, whereas, at the place aforesaid, said property could not be sold  *  *  * and the city auditor did bid off said property for the City of Kansas for such amount, having been directed by the comptroller so to do." We think that such is the fair meaning of the recital. The expression "*bid off*" has application to public or competitive sales, and no one reading this deed, taking and construing all its recitals together, could have any doubt that the city auditor bid off the lot at the same place at which it had been exposed to public sale.

This is the only objection urged against the deed, so far as its recitals are concerned, but, if we are in error as to the proper construction of the above recital in the deed, yet the charter simply provides that : " If any tract, or parcel of real property cannot be sold for the amount of all taxes, interest, and costs thereon, the city auditor shall, if so directed by the comptroller of the city, bid it off for the city for such amount." Sec. 50, art. 6. It is not expressly provided that it shall be bid off by the city auditor at the office of the collector, but by a fair construction of the section, we think, that is its meaning, from the employment of the words "bid off," which, as before stated, are only applicable to public or competitive sales ; but if this inference is warranted from the employment of those words in the section in that connection, is it not an equally fair inference from the employment of the same words in the above recital of the deed, that it was bid off for the city at the public sale, at the time and place designated in the recital ? But a complete answer to the objection to this deed is, that the form prescribed is for a deed to a purchaser, other than the city and in the form prescribed, the recital that the purchase by the city was made at the collector's office is not to be found. The deed is, therefore, not void upon its face, and the moment it was recorded, the statute of limitations was set in motion.

The defendant had a judgment below, and for the above reasons, it is affirmed. All concur.