WILLARD R. DOUGLASS v. ARCHIBALD McKEEVER.

TAX SALE — *Redemption — Tender to Purchaser — Assignment of Certifi-
cate — Void Tax Deed.* Where the owner of land, desiring to redeem
the same from the holder of a tax certificate, under the provisions
of chapter 43, Laws of 1879 (¶¶ 6987, 6988, Gen. Stat. of 1889),
tenders to the purchaser of the tax certificate the amount paid for
the property therein described, with all subsequent taxes and interest
thereon, as prescribed by § 2, chapter 43, Laws of 1879 (¶ 6988, Gen.
Stat. of 1889), before any tax deed is authorized or issued, and the
purchaser of the tax certificate, without notice or knowledge to the
owner, has assigned the tax certificate to another person, but gives
no information thereof to the owner at the time of the tender, and
the assignment by the purchaser is not entered on the treasurer's
sale book or the clerk's duplicate, and the owner of the property
has no notice or knowledge that the tax certificate has been assigned
or transferred until after the issuance and recording of the tax deed,
*held,* that under such circumstances the tender to the purchaser of
the tax certificate is sufficient, and any tax deed made thereafter is
a nullity.

*Error from Jefferson District Court.*

ON the 13th day of October, 1889, *Willard R. Douglass*
commenced his action against *Archibald McKeever,* under
§ 595 of the civil code, to recover the possession of the north-
east quarter of section 14, township 9, range 17, in Jefferson
county, and for the rents and profits thereof since March 1,

1880.   The petition alleged, among other things, that Douglass was the owner of the land and entitled to the possession of the same; that McKeever had kept him wrongfully out of the possession of the land since March 1, 1880; and that the rants were worth $1,500.   McKeever filed an answer containing a general denial.   Trial had before the court without a jury, on the 13th of February, 1890.   Douglass introduced evidence showing a title in fee in himself to the land in dispute on and after April 13, 1874, unless divested by the tax title under which McKeever claimed.   The tax deed was dated the 29th of November, 1880, and recorded on the 3d day of December, 1880, in the office of register of deeds of the proper county.   The land was struck off at the tax sale to the county for the want of bidders on May 6, 1874.   The tax certificate was assigned to B. P. Stanley on the 18th day of May, 1880, under the compromise act of chapter 43, Laws of 1879 (¶ 6987, Gen. Stat. of 1889).   The next day Stanley assigned the certificate to J. C. Foster.   Douglass also offered evidence upon the trial tending to show he was a minor until the 22d day of December, 1886; that his father, John C. Douglass, on the 25th of June, 1880, called upon B. P. Stanley, the party to whom the tax certificate had been first assigned, and informed him, on behalf of his son, that he wanted to redeem the land from the tax-sale certificate that Stanley had purchased, and then tendered him for the redemption of the same $41, the amount paid for the property, with interest as prescribed by § 2, chapter 43, Laws of 1879; that Stanley declined to receive it; that he did not want Douglass to redeem it; that his father, John C., had the charge of the land for him, and that he had no knowledge or notice that J. C. Foster held the tax certificate, or that Stanley had assigned the same at the time of the tender.   Subsequently the tax deed was received in evidence, against the objection of the plaintiff.   The court rendered judgment for the defendant for costs.   The plaintiff excepted, and brings the case here.

*John C. Douglass*, for plaintiff in error.
*Keeler & Welch*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On June 25, 1880, when Willard Douglass offered to redeem the real estate described in the petition from B. P. Stanley, the purchaser of the tax certificate, no tax deed had issued. The trial court ruled that the plaintiff "had not used due diligence to discover the holder of the tax certificate." Stanley purchased the tax certificate on the 18th day of May, 1880, and assigned it the next day to J. C. Foster, who had an office in the same room with him. Stanley admits that he did not want Douglass to redeem the land. At the time of the tender, he did not inform him that he had transferred the tax certificate to Foster, and Douglass never knew, until the deed had been issued and recorded, that Foster was the holder of the tax certificate. The assignment of the tax certificate to Foster was not entered on the treasurer's sale book or the clerk's duplicate thereof. (Gen. Stat. of 1889, ¶ 6965.)

The provisions for redemption should be regarded favorably and construed with liberality. (Cooley, Tax'n, ch. 16, p. 363.) Upon the facts disclosed, the tender to the purchaser of the tax certificate was sufficient, as the plaintiff had no notice or knowledge from the purchaser, or the public records, that Foster had obtained an assignment of the tax certificate from Stanley. It would be unjust to rule that the owner of land should be compelled to redeem, under chapter 41, Laws of 1879 (¶ 6976, Gen. Stat. of 1889), from the holder of a tax certificate acquired under chapter 43, Laws of 1879, if he could not, from the purchaser of the tax certificate or the public records, ascertain who the assignor or holder was, because, under the provisions of § 2 of chapter 43, an owner may redeem by repaying the amount paid by way of compromise for the tax certificate, with subsequent taxes and interest; but under chapter 41, Laws of 1879 (¶ 6976, Gen.

49—54 KAS.

Stat. of 1889), he must pay the amount for which the land was sold, with subsequent taxes and charges thereon, and interest. The owner of land has the right to redeem it from tax sale at any time before the execution of the tax deed. (*Mathews v. Buckingham*, 22 Kas. 166; *Olin v. Rohrbaugh*, 28 id. 412.) Therefore, within the prior rulings of this court, a sufficient tender having been made, the tax deed is a nullity. The judgment will be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.