Argued 30 September; decided 14 October, 1901.

## TITLE TRUST COMPANY *v.* AYLSWORTH.

[66 Pac. 276.]

TAXATION—VALIDITY OF LUMP ASSESSMENT.

1. Under Hill's Ann. Laws, § 2770, providing that the assessor, in making up the tax roll, shall place in separate columns the names of persons taxable, a description of each tract to be taxed, the number of acres, and the full cash value of each tract, an assessment including land of another with that of the one sought to be charged, is absolutely void and of no effect for any purpose, even though the lands are assessed at an equal value per acre: *Strode v. Washer,* 17 Or. 50, applied.

TENDER OF PENALTY—VOID ASSESSMENT.

2. Where an assessment of property for taxation is entirely void the owner is not obliged to tender any sum for the benefit of the holder of a tax title based on such assessment, before being heard to contest such title, as required by Section 2823 of Hill's Ann. Laws: *Jory v. Palace Dry Goods Co.* 30 Or. 196, applied.

REMOVING CLOUD—TENDER OF TAX.

3. Where an assessment of land sold for taxes is void, and the certificates of sale are apparently valid on their face, equity will not require the render of any taxes by plaintiff as a condition precedent to a suit to vacate the tax certificates as a cloud on the title.

From Multnomah: JOHN B. CLELAND, Judge.

Suit by the Title Guarantee & Trust Company against Caleb A. Aylsworth to remove an alleged cloud from the title

to certain property and to quiet plaintiff's title thereto.   From a decree dismissing the suit plaintiff appeals.   REVERSED.

For appellant there was a brief over the name of *Snow & McCamant,* with an oral argument by *Mr. Wallace McCamant.*

For respondent there was a brief and an oral argument by *Mr. Henry H. Northup.*

MR. JUSTICE WOLVERTON delivered the opinion.

Plaintiff brings this suit to remove a cloud from its title to a certain tract or parcel of land.   The complaint alleges that on May 17, 1897, Lewis Rosenthal was the owner of said tract, at which time he died, leaving a will, whereby he devised one half thereof to his wife, Caroline, and the other half to his descendants, who held the title in fee until May 10, 1900, when the plaintiff acquired it; that in March, 1898, all but five acres of plaintiff's land, as described in the complaint, together with a tract of five acres, the sole property of D. V. Rosenthal, a strip of land one hundred feet wide, extending through plaintiff's tract, upon which the Oregon Railroad & Navigation Company operated its railroad, and of which it was the owner in fee, and another strip, fourteen and five tenths feet in width, extending across a portion of said tract, previously dedicated for street purposes, were assessed under a common description one half to "Lewis" Rosenthal and one half to the devisees other than Caroline at the sum of $4,600; that such further proceedings were had on such assessment that a warrant was issued to the sheriff, by virtue whereof he sold the land so assessed on the sixteenth day of December, 1899, to the defendant, for $99.15, and thereupon issued to him a certificate of sale, which is one of the papers complained of as clouding plaintiff's title.   For a second cause of suit similar facts are alleged with reference to an assessment made. in March, 1899, except that it appears that the Oregon Railroad & Navigation Company's right of way was excepted from the description employed by the assessor.   The sale under this

assessment is alleged to have taken place December 14, 1900, at which time the defendant became the purchaser for $82.59, and it is further alleged that on December 1 the plaintiff filed with the board of county commissioners of Multnomah County a statement of the manner of the attempted assessment of said lands, and tendered a stated sum of money in satisfaction of all tax claims against said property; that subsequent to the fourteenth day of December, 1900, the said board acted favorably thereon, and plaintiff paid and the board accepted said stated sum in full satisfaction of all taxes assessed against said land, and that all tax claims against plaintiff were thereby released and discharged. The defendant interposed a plea in abatement in effect that forty-one acres claimed by plaintiff in fee are included in the tract alleged to have been assessed to it; that the lands upon which the assessments were made were listed as acreage lands, and valued at an equal sum per acre, and that defendant is entitled to have forty-one-fifty-one and six tenths of the sum bid by him at such sales repaid to him, together with twenty per cent thereof, by virtue of the statute in such cases made and provided, and that he should not be required to make further answer until such sums were paid or tendered. To this plea a demurrer was filed on the ground that it did not state facts sufficient to constitute a defense, or to require an abatement of the suit, which, being overruled, the court rendered a decree dismissing the suit, and the plaintiff appeals.

The appellant insists that both the assessments are illegal and void for two reasons: (1) They were not made in the name of the owners; and (2) the land, together with other realty, not the property of plaintiff, was embraced in a common description, and all assessed at a lump sum, and, as it pertains to the 1899 assessment, that the plaintiff has settled with the county for all taxes lawfully assessable against said land. In the view we have taken of the controversy, it will be necessary at this time to consider only the second ground of error. By the plea in abatement it is admitted that the plaintiff's predecessors were assessed with fifty-one and six

tenths acres of land, whereas they should have been assessed with forty-one acres only, and that all the land was comprised within a single description. They were assessed, therefore, according to this statement, with ten acres that did not belong to them; but it is sought to obviate this objection by showing that the property was assessed as acreage lands, and of equal value per acre, by reason whereof the defendant argues that it is competent for the court to abate all but forty-one-fifty-one and six tenths, and require the payment or tender of the taxes assessable on the forty-one acres, together with the statutory penalty prescribed where the tax has become delinquent, as a condition to bringing the suit. That the assessment was not made in obedience to statutory requirements there can be no question, and it is not contended that it was. But it is urged that the defect may be characterized as an irregularity merely, which may be conceded to be such as would render a tax deed illegal and invalid for the purpose of passing title, yet that it does not extend so far as to effect the assessment fundamentally, and thereby render it absolutely void, as if none had been made; and the case is rested mainly upon this distinction.

1. In *Strode* v. *Washer*, 17 Or. 50 (16 Pac. 926), the court had under consideration a similar assessment, where the realty sought to be charged was embraced by the description employed with realty belonging to another party, and it was said that the attempt "was wholly futile. It did not give the owner an opportunity to pay the tax; did not furnish any basis by which the amount assessed upon the property could be ascertained. Grouping the lots with other lots not belonging to the appellant, and fixing the valuation of the whole in a gross sum was not an assessment." On rehearing the court said: "We are satisfied that the offer made at the trial to show that the lots in question were included with two other lots in the attempted assessment should have been allowed, and, if such proof were made, the assessment should be deemed a nullity;" and such is the settled rule elsewhere: *Howe* v. *People*, 86 Ill. 288; *Crane* v. *City of Janesville*, 20 Wis. 305; *Hamilton* v. *City of Fond du Lac*, 25 Wis. 490.

The reason assigned, and upon which the rule is based, is cogent, and affects the assessment fundamentally. A person so assessed by a lump sum with land of his own and others, by a common description, has no means of knowing what part of the burden he should bear, and consequently is afforded no opportunity of discharging his property from the lien im-. posed, and protecting his title, except by payment of a demand, an undefined and undefinable portion of which is neither in equity nor in law a proper charge against him: Cooley, Taxation (2 ed.), 400. The statute requires that the assessor in making up the roll shall put down in separate columns: (1) The names of the taxable persons in the county; (2) a description of each tract or parcel to be taxed, etc.; (3) the number of acres and parts of an acre, as near as the same can be ascertained, unless divided into blocks and lots; and (4) the full cash value of each parcel of land taxed: Hill's Ann. Laws, § 2770. This method prescribes, in effect, what common justice would dictate,—that each person shall be assessed only with the land that belongs to him. The requirement is exclusively for his benefit, and can not be dispensed with. And where the lands of another in any considerable proportion are included, and the whole are valued at a lump sum, the individual sought to be charged is in reality not assessed at all, because no value has been placed upon his land and extended upon the roll, and he cannot contribute his proper share of the public revenue, as he has not been advised by the roll touching the amount required of him. Such an attempted assessment is an absolute nullity. There being no valuation, the roll stands, as to the party thus involved, in an uncompleted state. The assessor has so performed the duties assigned to him as to omit a vital direction of the statute, and it leaves the party unassessed. Nor does it help the situation any to say that the lands comprised by the description were assessed as acreage lands, and at an equal value per acre, because the assessor has omitted to assess and place a value upon the plaintiff's land. The assessor is the only officer vested with authority to fix and place values upon

the roll, and these cannot be changed except by the board of equalization. No other tribunal—not even a court of equity—has any authority in the premises. So it was impossible for the lower court, and is impossible for this court, to say that, if the assessor had placed a separate valuation upon plaintiff's land, as his official duty required, it would have been in the proportion of forty-one-fifty-one and six tenths of the whole amount of land included by the description employed, and to do so would be to fix a value, and thereby complete the assessment, instead of that officer.

2. The defendant invokes the aid of Hill's Ann. Laws, § 2823, which provides that "in any action, suit, or proceeding for the recovery of lands sold for taxes, except in cases where the taxes have been paid, or the land redeemed as provided by law, the defendant or party claiming to be the owner as against the holder of the tax title must, with his answer, tender and pay into court the amount of the taxes for the payment of which the lands were sold, together with interest thereon at twenty per centum per annum from the date of the sale to the date of said tax deed, together with the sheriff's fees for making said certificate and sheriff's deed, and also any taxes the purchaser may have paid on said lands, with interest thereon from date of payment to the date of filing said answer, for the benefit of the holder of said tax deed, his heirs or assigns, in case said tax title should fail in said action, suit, or proceeding," claiming that this is a suit within the meaning of that section, and that plaintiff is required thereby to tender the amount of taxes for which the land was sold, with the twenty per cent. penalty. Aside from the statute, there is no rule in equity, or elsewhere, requiring in any case the payment of a penalty, except it may be in the way of interest, which could not exceed the legal rate; and without its aid it is plain that there could be no requirement of the payment of the penalty prescribed. We have held that in an action at law, where a tax deed passed, that, if the assessment was absolutely void for want of a sufficient description whereby to intelligently point out or designate the property

sought to be charged, no tender of the kind was necessary or required. In such a case the county acquires no interest in the land attempted to be charged with the tax, and it could not, therefore, convey any interest to the purchaser, or endow him with a lien thereon: *Jory* v. *Palace Dry Goods Co.* 30 Or. 196 (46 Pac. 786). It would seem, therefore, that the attempted assessment in the case at bar being a nullity, because of a fundamental defect, the statute could not, with any better reason, be invoked here, conceding that this is a suit within the purview: *Barber* v. *Evans,* 27 Minn. 92 (6 N. W. 445).

3. A further proposition is advanced, however, that the suit cannot be maintained under general equitable principles without first tendering payment of the amount of taxes equitably due from the plaintiff. It is a salutary principle, as stated by Judge COOLEY in *Albany & B. Min. Co.* v. *Auditor General,* 37 Mich. 391, and quoted with approval by this court in *Welch* v. *Clatsop County,* 24 Or. 452, 456 (33 Pac. 935), that "equity will not interfere to restrain the collection of public revenue for mere irregularities. Either it should appear that the property is exempt from taxation, or that the levy is without legal power, or that the persons imposing it were unauthorized, or that they have proceeded fraudulently;" and, beyond this, the party seeking the specific relief must also bring himself within one of the required heads of equity jurisdiction,—as of fraud, accident, mistake, cloud upon owner's title, or the prevention of a multiplicity of suits. See, also, *Du Page County* v. *Jenks,* 65 Ill. 275; *Wabash, St. L. & P. Ry. Co.* v. *Johnson,* 108 Ill. 11. As respects the latter feature, the plaintiff has brought itself clearly within the requirement. It has shown that the sheriff's certificates are a cloud upon its title. They are apparently valid upon their face, and it requires evidence *aliunde* to disclose their invalidity. So far the equitable jurisdiction has been appropriately invoked. The other condition is also present. There having been no assessment, as has been shown, there was no legal power or authority to levy the tax and impose it upon the

property. The infirmity complained of is more than an irregularity. It goes to the substance of the assessment, and it is impossible for a court of equity to cure it by extending a proper valuation; hence the rule of estoppel, which ordinarily applies where the proceeding is affected by an irregularity only, cannot be called into requisition here, and equitable jurisdiction rightfully attaches to remove the cloud upon plaintiff's title created by the certificates complained of. As sustaining this view, see *Hamilton* v. *City of Fond du Lac,* 25 Wis. 490; *Crane* v. *City of Janesville,* 20 Wis. 305; *Power* v. *Larabee,* 2 N. D. 141, 162 (49 N. W. 724).

It follows that there was error in overruling the demurrer to the plea in abatement and dismissing plaintiff's suit. The decree will therefore be reversed, the demurrer sustained, and the cause remanded for such further proceedings as may seem appropriate.                                    REVERSED.