Submitted on briefs without argument; decided May 31, 1911.

## HARTER v. CONE.

[115 Pac. 1070.]

TAXATION—TAX DEEDS—RECITALS—CONCLUSIVENESS.

1. Section 3709, L. O. L., making tax deeds *prima facie* evidence of the regularity of the assessment and sale of the property and of the antecedent proceedings, reaches only those defects which do not go to the absence of authority to sell, and does not cure jurisdictional defects or validate titles void for want of power to sell, since, while the legislature may cure retrospectively irregularities in tax proceedings, it cannot validate a void proceeding.

TAXATION—TAX SALES—POWER—WARRANT.

2. Under Section 3117, B. & C. Comp., authorizing a warrant attached to the delinquent tax roll empowering the sheriff to sell personal or real property on which taxes are levied, a sale of real estate, under a warrant authorizing a sale only of goods and chattels, is void for want of authority.

TAXATION—TAX SALES—TITLE OF PURCHASER.

3. A purchaser at a tax sale has no title until the time for redemption has expired.

TAXATION—TAX SALES—REDEMPTION—TENDER.

4. Where an owner, after tendering to the purchaser at a tax sale an amount sufficient to cover the tax interest and penalties paid by him, paid the amount into court pursuant to Section 3725, L. O. L., he kept the tender alive, and the title of the purchaser was defeated.

TAXATION—TAX SALES—REDEMPTION—REQUISITES.

5. Under Section 3124, B. & C. Comp., authorizing the redemption of property sold for taxes at any time before the issuance of a tax deed, and Section 3725, L. O. L., authorizing an owner to deposit in court the amount sufficient to effect a redemption from a tax sale, a deed for taxes may not be executed after a tender of a sufficient amount has been made by the owner to the purchaser, and deposited in court on the purchaser refusing the tender on the ground that he has title to the land, and, though the money was not paid or tendered to the tax collector, the tender paid into court for the benefit of the purchaser substantially complied with the statute, and a tax deed subsequently issued did not convey title.

From Tillamook: GEORGE H. BURNETT, Judge.

Statement by MR. JUSTICE BEAN.

This is an action in ejectment by John R. Harter against W. S. Cone for the possession of lots 3 and 4, block 9, and lots 7 and 8, block 4, Fuller's Addition to the town of Bay City, Oregon. The cause was tried by the

court without the intervention of a jury, and findings made in favor of defendant, and from a judgment thereon plaintiff appeals.

The complaint alleges the ownership in fee simple of plaintiff, Harter, to the lots, and that he is entitled to the immediate possession thereof, the wrongful entry thereon of defendant, his holding of the same since May 19, 1909, and the tender by plaintiff to defendant, with his complaint, of certain taxes and expenses and interest thereon, amounting in all to $38. Defendant, Cone, answering, alleges that said lots were duly assessed to the owner, R. L. Sabin, for the year 1901; that the taxes thereon became delinquent and the lots were sold to him by the sheriff of Tillamook County, Oregon, on December 23, 1903, for such delinquent taxes; that no redemption thereof was ever made, and that on May 11, 1906, deeds to the property were issued to him by the sheriff, which on May 12, 1906, were duly recorded; that more than three years elapsed from the date of the aforesaid sheriff's deed before the filing of the complaint, on May 20, 1909.

Defendant further alleges that the lots were returned and assessed, and taxes levied thereon, for the year 1904, and that on January 19, 1906, they were sold by the sheriff for the delinquent taxes of 1904 for the sum of $1.20, with interest at 10 per cent per annum; that certificates of such sale were issued to him; that no redemption was ever made from either of the sales mentioned; and that on May 27, 1909, the sheriff executed to him tax deeds covering the lots, and that, in order to clear the title thereon, he paid taxes, costs, and penalties levied against the same, amounting to $41.36. Plaintiff, replying, admits the payment by defendant of taxes, interest, etc., amounting to $38, but denies the other allegations of the answer, asserting that on May 16, 1909, he tendered defendant the sum of $38 in full satisfaction of said taxes and expenses, which the latter refused, and maintains that the

deeds to the lots for the delinquent taxes of 1901 are void and of no effect, for the reason that the sheriff's warrant contained no authority for selling real estate.

REVERSED.

Submitted on briefs without argument under the proviso of Rule 16 of the Supreme Court.　50 Or. 580　(91 Pac. viii).

For appellant there was a brief over the names of *Messrs. Talmage & Johnson.*

For respondent there was a brief over the name of *Mr. T. H. Goyne.*

MR. JUSTICE BEAN delivered the opinion of the court.

Plaintiff assigns as error, in effect, that the deeds issued for the sale of the lots for the taxes of 1904 are void for the reason that prior to the issuance thereof he tendered to the defendant the amount of the taxes and all expenses, interest, and costs mentioned therein; that the sale of the lots for the 1901 taxes is void for the reason that the warrant by the authority of which they were sold authorized the sheriff to sell goods and chattels only, and extended to him no authority to sell real estate; that no finding was made by the trial court to the effect that defendant had been in possession of the lots for the statutory period, and that the testimony shows no such possession by the defendant, but the contrary, and that in the absence of such possession the statute would not run.

Defendant's counsel in their brief contend that the action, not having been commenced within three years after the recording of the deeds for the taxes of 1901, and defendant being in actual possession at the commencement of the action, he had constructive possession by virtue of the recorded tax deeds, regular upon their face, under the provisions of Laws 1905, p. 313, and Section 3725, L. O. L., although such deeds might be void,

and that plaintiff's remedy is barred. In support of this proposition, defendant cites the case of *Skinner* v. *Williams,* 85 Mo. 489, from an examination of which, however, it appears that the statute of Missouri differs from ours, in that it authorizes any person claiming to own real property to maintain an action in ejectment for the recovery of the possession thereof against one claiming under a tax deed, whether or not such person is in actual possession. This constitutes the main question to be considered as to the deeds for the taxes of 1901, although at the trial objection was made to these deeds for the reason that lots 3 and 4, block 9, were listed and assessed together and not separately, and lots 7 and 8, block 4, were listed and assessed together and not separately. On this latter point, see *Brentano* v. *Brentano,* 41 Or. 15, 18 (67 Pac. 922). From the sheriff's deed of lots 7 and 8, block 4, it appears that they were sold on February 23, 1906, instead of on February 23, 1903, as claimed.

1. Under Section 3709, L. O. L., such deeds are *prima facie* evidence as to the regularity of the assessment and sale of the property, and that the antecedent proceedings were conducted in the manner provided by law. In discussing a question similar to the one now under consideration, Mr. Justice EAKIN, speaking for the court in *Martin* v. *White,* 53 Or. 319 (100 Pac. 290) said:

"The effect of the recitals in the deed may be made conclusive as to irregularities; but, if the proceedings are void, a bar to an action or a suit by the owner must be something more than the lapse of time. The owner must be ousted from possession, or the purchaser's title quieted, to cut off the right of the owner. * * 'As a rule, these statutes reach only those defects which do not go to the absence of authority to sell or convey. They do not operate to cure jurisdictional defects or to validate titles which are void for want of power to sell the property.' [Citing 27 Am. & Eng. Cyc. Law (2 ed.) 987.] * * But, when the tax proceeding is void and the tax sale purchaser is not in possession, it is beyond the

power of the legislature to transfer to the purchaser the title of the owner by lapse of time alone. [Citing Blackwell, Tax Title, § 944; *Breaux* v. *Negrotto, Jr.,* 43 La. Ann. 426 (9 South. 502)]. There must be actual possession by the purchaser before the statute begins to run. [Citing *Scott* v. *Parry,* 108 La. 11 (32 South. 188).] A limitation of time, in which the owner can bring an action or suit to contest such a title cannot operate to cut off the owner's title, where the tax proceeding is void, except by way of prescription which depends upon actual possession under the tax deed. A deed upon a void sale cannot draw to it the constructive possession of unoccupied land. [Citing Blackwell, Tax Title, §§ 895, 944.] * * When one has a mere right of action, the legislature may unquestionably prescribe a reasonable time in which he may proceed. But in case he has both title and possession, and the legislature attempts to create the necessity for suit by converting an estate in possession into a mere right of action, and then limit the time in which the action may be brought, it is exceeding its power. [Citing Blackwell, Tax Title, §§ 895, 944.]"

See, also, *Ayers* v. *Lund,* 49 Or. 303 (89 Pac. 806 : 124 Am. St. Rep. 1046) ; *Dufur* v. *Healy,* 56 Or. 49 (107 Pac. 692), and *Groesbeck* v. *Seeley,* 13 Mich. 329, in which last named it was held that if proceedings to sell for taxes were illegal no lapse of time could change their character, and they could never therefore become legal.

"If the tax purchaser obtains possession, and holds it until protected by a limitation law, he then becomes safe, not because his tax title is any more regular, but because the holder of the better title has become incapable of asserting it. As an illegal tax title is a nullity, it cannot of itself divest or affect the true title in any way and the true owner cannot be lawfully compelled to incur expense or take active measures to get rid of it unless he sees fit. But if he becomes ousted, whether by a pretended tax title holder or by any adverse claimant, he can only secure the enjoyment of his rights by active measures, and the party in possession may then rely on such possession until it is lawfully assailed by suit or otherwise within the period of limitation."

Also *Dingey* v. *Paxton,* 60 Miss. 1038, and as expressed by Mr. Justice BEAN in *Ferguson* v. *Kaboth,* 43 Or. 414, 421 (73 Pac. 201) :

"The legislature may cure retrospectively irregularities and imperfections in tax proceedings, but it cannot infuse life into an utterly void proceeding, or take the property of one person and transfer it to another."

2. The tax deeds, and the proceedings upon which they are based, are set out in full in the findings of fact made by the trial court, and, as we understand the record, there is no question by defendant but that the deeds for the 1901 taxes are void. The warrant under which the lots were sold did not authorize the sheriff to sell real property, but only goods and chattels. Section 3117, B. & C. Comp., in force at the date of this sale, provided that the warrant attached to the delinquent tax roll should authorize the sheriff to sell the real property therein described: *Bradford* v. *Durham,* 54 Or. 1 (101 Pac. 897: 135 Am. St. Rep. 807) ; *Estell* v. *Hawkens,* 50 N. J. Law, 122 (11 Atl. 265) ; Blackwell, Tax Title, § 331. As found by the trial court, the deeds of May 11, 1906, were void for want of sufficient authority on the part of the sheriff to make the sale.

3. It is also practically unquestioned that prior to the commencement of this action the plaintiff tendered to defendant the amount of the taxes, penalties, interest, and expenses, incurred by defendant in relation to the title to the lots.

"The purchaser has no title to the land until the time for redemption has expired. He has consequently no constructive possession of the premises." Cooley, Taxation, p. 1051.

"It may be laid down as a principle of universal law that, in order to enforce these forfeitures, the courts require the same degree of strictness which is applied to ordinary tax sales, in order to divest the title of the owner. * * The law must be strictly construed in favor of the owner. * *" Blackwell, Tax Title, § 1030.

4. The trial court found that defendant had paid as consideration for the deeds $12.44, including interest to May 20, 1909. It appears that after plaintiff's tender to defendant, and the latter's refusal, of an amount sufficient to cover the taxes, interest, penalties, etc., paid by him, plaintiff, by paying the amount into court, pursuant to Section 3725, L. O. L., kept the tender alive. As stated in Blackwell, Tax Title, § 727:

"A tender of the proper amount by one having a right to redeem to the proper officer, and within the time allowed by the act of redemption, will operate to defeat the title of the purchaser at the tax sale. It makes no difference whether money is accepted or not. A tender of a sufficient amount within the time limited by law *ipso facto* works a redemption."

Particulars of the tender may be waived by the refusal of the purchaser to receive redemption on some collateral ground. Section 827 of the same authority says:

"A lawful tender of the tax to the officer authorized to receive it is tantamount to an actual payment, and *ipso facto* divests the authority of the officer to sell such land for taxes."

5. As to the deeds for the taxes of 1904, dated May 27, 1909, we think the authority of the sheriff to execute the same was wanting after a tender of a sufficient amount had been made by the plaintiff to defendant, and deposited in court, according to the provisions of Section 3725, L. O. L. Section 3124, B. & C. Comp., provided that real property sold for taxes might be redeemed at any time before the issuance of a tax deed. It appears the only reason given by defendant for not accepting the tender when made was that he had title to the lots. The law should be construed liberally in favor of allowing the true owner of land to redeem from such tax sales. *Douglass* v. *McKeever,* 54 Kan. 767 (39 Pac. 703) ; *Rafferty* v. *Davis,* 54 Or. 77 (102 Pac. 305) ; Cooley, Taxation (3 ed.) 1023. Although the money was not paid or ten-

dered to the tax collector, we think when it was tendered to, and afterwards paid into court for the benefit of, defendant, there was a substantial compliance with the statute: *Loving* v. *McPhail,* 48 Wash. 113 (92 Pac. 944). It would seem that one tender of the amount should be sufficient, and that the defendant could not under the law support his title with such tax deeds after the commencement of the action, and that the deeds were ineffectual to convey title. It appears R. L. Sabin conveyed the lots to plaintiff, who is now the owner in fee simple, and entitled to the possession thereof.

For these reasons, we think there was error. The judgment of the lower court is reversed, and the cause remanded with directions to enter judgment, on the findings of fact, in favor of plaintiff.          REVERSED.

Mr. Justice BURNETT took no part in this decision.